Case 1:05-cv-00030 Document 1 Filed 10/04/2005 Page 1 of 9

FILED
Clerk
District Court

OCT -4 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone: (670) 233-8600
Facsimile: (670) 233-5262

Attorney for Plaintiff Jin Chun Hu

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIN CHUN HU,<br><br>        Plaintiff,<br><br>vs.<br><br>ISLAND SEVEN COLORS, INC., KIM CHANG RYEOL and DOE 1,<br><br>        Defendants. | CASE NO. CV **05-0030**<br><br>VERIFIED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND SUPPLEMENTAL STATE LAW CLAIMS |

COMES NOW, Jin Chun Hu with the following Verified Complaint against Islands Seven Colors, Inc., Kim Chang Ryeol and Doe 1:

JURISDICTION

1. The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, §502(a)(2).

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

3. This Court also has jurisdiction under the FLSA, 29 U.S.C. § 216(b), to adjudicate

Plaintiff's claims.

4. This Court has jurisdiction over Plaintiff's non-FLSA claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. Venue is properly placed in this Court as at all relevant time Plaintiff was an employee of Defendant doing business in Saipan, Commonwealth of the Northern Mariana Islands.

## PARTIES

6. Plaintiff Jin Chun Hu ("Mr. JIN") is a citizen of the People's Republic of China currently residing in Saipan, Commonwealth of the Northern Mariana Islands.

7. Upon information and belief, Defendant Island Seven Colors, Inc. ("ISLAND SEVEN") is a corporation formed under the laws of the Commonwealth of the Northern Mariana Islands ("CNMI") with its principal place of business in Saipan, CNMI.

8. Upon information and belief, Defendant Kim Chang Ryeol ("KIM"), is an individual, a citizen of Republic of South Korea and a resident of Saipan, CNMI.

9. Upon information and belief, Defendant Doe 1 ("DOE"), is an individual, a citizen of Republic of South Korea and a resident of Saipan, CNMI. The true identity of DOE is not presently known to Plaintiff, and Plaintiff reserves the right to amend this pleading at a later date to include the name of DOE when such becomes known to Plaintiff.

10. At all times relevant hereto, KIM was president and/or manager and/or owner and/or control person of ISLAND SEVEN and was acting directly and/or indirectly in the interest of ISLAND SEVEN in relation to Plaintiff JIN.

11. At all times relevant hereto, DOE, also the wife of KIM, was a manager and/or owner and/or control person of ISLAND SEVEN and was acting directly and/or indirectly in the interest of ISLAND SEVEN in relation to Plaintiff JIN.

12. Unless expressly stated otherwise hereafter, all further references to ISLAND SEVEN, or to Defendant, or to Employer herein are intended to and do include KIM and DOE.

## FACTS

13. Mr. JIN arrived in Saipan to work for ISLAND SEVEN on or about January 28, 2005.

14. Mr. JIN began his employment with ISLAND SEVEN the afternoon of the same day, January 28, 2005.

15. Mr. JIN's employment with ISLAND SEVEN is pursuant to a DOL approved one-year non-resident worker contract by and between Plaintiff JIN and Defendant ISLAND SEVEN (the "Employment Contract").

16. Upon information and belief, the Employment Contract was executed by KIM or at his direction.

17. Mr. JIN's Employment Contract is for a term not due to expire until January 21, 2006.

18. At no time during the term of his employment with ISLAND SEVEN was Plaintiff provided with a copy of his Employment Contract or any part thereof.

19. Mr. JIN continues to work for ISLAND SEVEN.

20. At all times relevant to this action, Mr. JIN was an employee of ISLAND SEVEN within the meaning of § 203(e)(1) of the FLSA and § 9212(e) of the Commonwealth Minimum Wage and Hour Act, 4 C.M.C. §§ 9211 *et seq.* (2000) ("MWHA").

21. At all times relevant to this action, ISLAND SEVEN was an employer of Mr. JIN within the meaning of § 203(d) of the FLSA and § 9212(f) of the MWHA.

22. At all times relevant to this action, Mr. JIN was employed by ISLAND SEVEN within the meaning of § 203(g) of the FLSA and § 9212(d) of the MWHA.

23. At all times relevant to this action, Mr. JIN was employed by ISLAND SEVEN in Saipan, Commonwealth of the Northern Mariana Islands.

24. At all times relevant to this action, ISLAND SEVEN was an enterprise within the meaning of § 203(r)(1) of the FLSA.

25. At all times relevant to this action, ISLAND SEVEN was an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA.

26. At all times relevant to this action, Mr. JIN, as an employee of ISLAND SEVEN, was engaged in commerce within the meaning of § 207(a)(1) of the FLSA.

27. Plaintiff JIN worked more than forty (40) hours per week for ISLAND SEVEN during one or more weeks that Plaintiff JIN was employed by ISLAND SEVEN.

28. At all times while employed by ISLAND SEVEN, Plaintiff JIN was employed, and actually performing work, in job category that is not exempt from the provisions of the FLSA and/or the MWHA.

29. ISLAND SEVEN failed to pay Plaintiff JIN a minimum wage of $3.05 per hour for every hour Mr. JIN worked as required by § 9221(a)(2) of the MWHA.

30. ISLAND SEVEN failed to pay Plaintiff JIN all overtime wages required by § 207(a) of the FLSA, by § 9222 of the MWHA, and, upon information and belief, by Mr. JIN's Employment Contract.

31. ISLAND SEVEN failed to maintain full and accurate records of the hours actually worked by Plaintiff JIN as required by § 215(a)(5) of the FLSA and § 9232(a) of the MWHA.

32. As part of the terms of Mr. JIN's employment with ISLAND SEVEN, Defendants agreed to provide Plaintiff JIN with housing free of charge.

33. Contrary to their agreement, Defendants charged JIN $50.00 for the housing they provided JIN for the first several days of his employment in Saipan.

34. Thereafter, Defendants failed and refused to provide JIN the housing accommodations they had promised causing JIN to incur expenses for providing his own housing.

35. Additionally, as a condition of Plaintiff's employment with ISLAND SEVEN, Defendants required Plaintiff JIN to pay, and Mr. JIN actually paid to Defendants, a fee of approximately $1,025.00 to cover the fees and costs associated with his transportation to Saipan, the application fees

for Mr. JIN's Employment Contract, including health clearance fees, and other fees to obtain Mr. JIN's entry to the Commonwealth.

36. Said payments required of JIN are in violation of various provisions of the Commonwealth Nonresident Workers Act, 3 C.M.C. §§ 4411 et seq. (2000) ("NWA").

37. Said payments required of JIN also effectively decreased Mr. JIN's hourly wage below that required by the MWHA and Plaintiff's Employment Contract.

38. Said payments required of JIN also effectively decreased the overtime premium to which Plaintiff was entitled under the FLSA, the MWHA and Plaintiff's Employment Contract.

39. All of the actions and omissions alleged above were undertaken by ISLAND SEVEN either directly or through its agent or agents.

40. All of the actions and omissions alleged above were willful within the meaning of § 9243 of the MWHA, and with regard to the applicability of the statute of limitations on FLSA claims and claims pursuant to the NWA.

### FIRST CAUSE OF ACTION
### (FLSA Violation - Unpaid Overtime Compensation)

41. Plaintiff incorporates paragraphs 1 through 40 above as if fully set forth herein.

42. ISLAND SEVEN has violated the provisions of § 207(a) of the FLSA by failing to pay Plaintiff JIN overtime compensation in the amount of one and one-half times his regular pay rate for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

43. Plaintiff JIN is entitled to payment of unpaid overtime compensation from ISLAND SEVEN, KIM and DOE, jointly and severally, calculated based on a pay rate of at least $3.05 per hour as adjusted by the regular rate provisions of § 207(e) of the FLSA, and an additional equal amount as liquidated damages.

44. Plaintiff JIN is also entitled to costs of the action and reasonable attorney's fees pursuant to § 216(b) of the FLSA.

### SECOND CAUSE OF ACTION

(MWHA Violation - Unpaid Regular and Overtime Wages)

45. Plaintiff incorporates paragraphs 1 through 44 above as if fully set forth herein.

46. ISLAND SEVEN has violated the provisions of § 9221(a)(2) by failing to pay Mr. JIN a minimum wage of $3.05 per hour for every hour Mr. JIN worked for Defendants.

47. ISLAND SEVEN has violated the provisions of § 9222 of the MWHA by failing to pay Plaintiff JIN overtime compensation in the amount of one and one-half times his regular pay rate for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

48. Plaintiff JIN is entitled to payment of unpaid overtime compensation from ISLAND SEVEN, KIM and DOE, jointly and severally, calculated based on a pay rate of at least $3.05 per hour as adjusted by the regular rate provisions of § 207(e) of the FLSA, and an additional equal amount as liquidated damages for Defendant's willful violation.

49. Plaintiff JIN is also entitled to costs of the action and reasonable attorney's fees pursuant to § 9244(b) of the MWHA.

THIRD CAUSE OF ACTION
(Breach of Contract)

50. Plaintiff incorporates paragraphs 1 through 49 above as if fully set forth herein.

51. At all times relevant to this action, Plaintiff JIN had a valid and binding Employment Contract with ISLAND SEVEN.

52. Plaintiff JIN's Employment Contract with ISLAND SEVEN is due to expire on or about January 21, 2006.

53. Upon information and belief, one of the terms of Plaintiff's Employment Contract with ISLAND SEVEN is that Defendant pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours each week of his employment.

54. Upon information and belief, pursuant to the Employment Contract, said overtime compensation was to be paid by check in bi-weekly intervals.

55. Upon information and belief, also pursuant to the Employment Contract, ISLAND

SEVEN was prohibited from deducting from Plaintiff JIN's wages amounts other than those specifically set forth in the Employment Contract.

56. Upon information and belief, pursuant to the Employment Contract, ISLAND SEVEN was required to provide Mr. JIN housing free of charge.

57. By failing and refusing to pay Plaintiff JIN overtime compensation for all of the hours Plaintiff worked in excess of forty (40) hours in each week of his employment, by failing to pay such amounts by check in bi-weekly intervals, by failing and refusing to provide JIN housing free of charge, and by deducting amounts from Plaintiff's wages for items not specified in the Employment Contract, ISLAND SEVEN materially breached the Employment Contract.

58. Because of ISLAND SEVEN's material breach of the Employment Contract, Plaintiff JIN is entitled to expectation damages, incidental and consequential damages, an equal amount for liquidated damages, and costs and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
(Illegal Charges/Deductions)

59. Plaintiff incorporates paragraphs 1 through 58 above as if fully set forth herein.

60. On at least one occasion during the term of Plaintiff JIN's employment with ISLAND SEVEN, Defendant deducted amounts from Plaintiff JIN's wages for housing provided by Defendants.

61. Defendants also required Plaintiff JIN to pay Defendants an amount of approximately $1,025.00 for Plaintiff's airfare to Saipan and to cover the expenses incurred by Defendants to secure Plaintiff JIN's employment in the CNMI.

62. Upon information and belief, said deductions from Plaintiff JIN's wages were not expressly provided for in Plaintiff's Employment Contract.

63. Said charges and deductions were also for amounts for which ISLAND SEVEN, not Plaintiff, was responsible.

64. Said charges and deductions were illegal deductions in that they violate the provisions

1  of 3 C.M.C. § 4434(c).

2  65. Said charges and deductions were also illegal deductions in that they reduced Plaintiff's hourly wage rate below the minimum wage mandated by 4 C.M.C. § 9221(a)(2) and Plaintiff's overtime premium below that mandated by § 207(a) of the FLSA.

66. Plaintiff JIN is entitled to reimbursement from ISLAND SEVEN, KIM and DOE, jointly and severally, for all illegal deductions from Plaintiff's wages, and an additional equal amount as liquidated damages.

67. Plaintiff JIN is also entitled to costs of the action and reasonable attorney's fees pursuant to § 9244(b) of the MWHA and 3 C.M.C. § 4447(d).

PRAYER FOR RELIEF:

Accordingly, Plaintiff JIN prays for the following relief:

A. That ISLAND SEVEN, KIM and DOE, jointly and severally, pay Plaintiff his unpaid regular wages for every hour worked by Mr. JIN for Defendants;

B. That ISLAND SEVEN, KIM and DOE, jointly and severally, pay Plaintiff his overtime compensation for all hours worked by Plaintiff for Defendants in excess of forty (40) hours in each work week;

C. That ISLAND SEVEN, KIM and DOE, jointly and severally, pay Plaintiff expectation, incidental and consequential damages for Defendants' material breach of the Employment Contract, including, but not limited to: unpaid wages, illegal deductions, reimbursement for illegal charges, and reimbursement for housing expenses incurred by Mr. JIN;

D. That ISLAND SEVEN, KIM and DOE, jointly and severally, pay Plaintiff for all illegal charges and deductions not authorized by the Employment Contract, Commonwealth or federal law;

E. That ISLAND SEVEN, KIM and DOE, jointly and severally, pay Plaintiff an equal amount as liquidated damages;

F. That ISLAND SEVEN, KIM and DOE, jointly and severally, pay Plaintiff reasonable

1 | attorney's fees and costs of this action.
2 |
3 |     Submitted this 3rd day of October, 2005.
4 |
5 |                                         _____
6 |                                         MARK B. HANSON
                                            First Floor, Macaranas Building
7 |                                         Beach Road, Garapan
                                            PMB 738, P.O. Box 10,000
8 |                                         Saipan, Mariana Islands 96950
9 |                                         Attorney for Plaintiff JIN CHUN HU

10 |                    VERIFICATION OF COMPLAINT
11 |
12 |     I, Jin Chun Hu, hereby certify that the forgoing complaint has been translated to me from
13 | English into, Mandarin Chinese, and that I have read and understood the allegations and claims
14 | made herein and that I consent to be a party plaintiff herein.  I further certify that the factual
15 | statements made herein are true and correct to the best of my knowledge and belief and that I
16 | verified the accuracy of the above Complaint this 3rd day of October, 2005.
17 |
18 |                                         _____
19 |                                         JIN CHUN HU
                                            Plaintiff
20 |