F I L E D
Clerk
District Court

DEC - 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  MARK B. HANSON, ESQ.
2  First Floor, Macaranas Building
   Beach Road, Garapan
   PMB 738 P.O. Box 10,000
3  Saipan, Mariana Islands 96950
   Telephone:    (670) 233-8600
4  Facsimile:    (670) 233-5262

5  Attorney for Plaintiff Jin Chun Hu

6

7                IN THE UNITED STATES DISTRICT COURT
                            FOR THE
8                  NORTHERN MARIANA ISLANDS

9  JIN CHUN HU,                        )  CASE NO. CV    05-0030
                                       )
10              Plaintiff,             )
                                       )
11       vs.                           )  PLAINTIFF'S CASE MANAGEMENT
                                       )      CONFERENCE STATEMENT
12  ISLAND SEVEN COLORS, INC., KIM CHANG)
    RYEOL and DOE 1,                   )
13                                     )
                                       )  Date:  Wednesday, December 14, 2005
14              Defendants.            )  Time:  8:30 a.m.
                                       )  Judge: Hon. Alex R. Munson, Chief Judge
15

16       COMES NOW, Plaintiff JIN CHUN HU, by and through his attorney, pursuant to LR

17  16.2CJ(e)(2) with his Case Management Conference Statement:

18  **A.  Service of process on parties not yet served**

19       1. On October 4, 2005, Plaintiff's attorney caused Defendants Island Seven Colors, Inc. and

20  Kim Chang Ryeol to be served with summons and a copy of Plaintiff's Verified Complaint by service

21  upon them personally.

22       2. On or about October 24 or 25, 2005, Plaintiff's attorney granted the request of Defendants'

23  first attorney in this matter for a one month extension of the time to file an answer.

24       3. On November 25, 2005, Plaintiffs' attorney was served with a copy of Defendants' Answer

25  to Plaintiff's Complaint filed by Defendants' second and present attorney on November 23, 2005.

26       4. Although DOE defendants remain to be discovered and served, all presently named parties

27



have been served with process.

**B.  Jurisdiction and Venue**

1.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

2.  This Court also has subject matter jurisdiction under the FLSA, 29 U.S.C. § 216(b), to adjudicate Plaintiff's claims.

3.  On November 23, 2005, all presently named Defendants filed their Answer to the Verified Complaint, submitting to the personal jurisdiction of this Court.

4.  Venue is properly placed in this Court as at all relevant time Plaintiff was an employee of Defendants residing and doing business in Saipan, Commonwealth of the Northern Mariana Islands, and all of Plaintiff's claims arise out of his employment with Defendants in Saipan.

**C.  Track assignment**

Plaintiff recommends the **Expedited Track** assignment.

REASONS:

1.  The issues in this case are few and clear;

2.  Required discovery against Defendants will straight forward and it is not anticipated that discovery will be extensive;

3.  There are few real parties in interest;

4.  Plaintiff expects that he will need a few fact witnesses to prove his case;

5.  Plaintiff does not anticipate the need for expert witnesses;

6.  The trial in this case would likely take one to two days;

7.  This case has some suitability for alternative dispute resolution;

8.  The character and nature of damage claims are routine, not fixed, but the calculation of damages in this case should be straight forward and should not involve expert testimony.

1  **D. Anticipated motions**

2      1. Possible Motion to Amend Pleadings;

3      2. Motion to Strike Affirmative Defenses;

4      3. Various Discovery Motions;

5      4. Motion for Summary Judgment.

6  **E. Discovery**

7      **Anticipated discovery:**

8      1. Interrogatories to and from all defendants;

9      2. Requests for production of documents to and from all defendants;

10     3. Requests for Admissions to and from all defendants;

11     4. Depositions:   Plaintiff tentatively anticipates that he will depose the following individuals:

12          a. Island Seven Colors, Inc. pursuant to Rule 30(b)(6);
            b. Defendant Kim Chang Ryeol;
13          c. Mr. Kim Chang Ryeol's wife (probable DOE defendant); and
            d. Mr. Simon Sin (probable DOE defendant).
14

15     **Limitations on discovery:** None.

16 **F. Further proceedings**

17     See Section K below.

18 **G. Special procedures.**

19     No special procedures are required.

20 **H. Modifications of standard pre-trial procedures.**

21     None.

22 **I. Settlement prospects**

23     No settlement discussions have occurred in which Plaintiff's attorney has been involved, but

24 Defendants appear to allege by affirmative defense that Plaintiff settled his claims with Defendants

25 during the last week of October 2005, about the same time Plaintiff's attorney granted Defendants'

26 attorney's request for additional time to answer the Verified Complaint.  An investigation is being

27

made into the facts and circumstances of Defendants' allegations which may lead to either a full and fair compromise and settlement of this matter or an amended complaint with additional claims.  It is, however, too early to tell of what effect, if any, alleged actions subsequent to Plaintiff's Verified Complaint had on Plaintiff's claims and/or any settlement in this case.

**J.  Other matters**

    ISSUES: [very generalized and not intended to limit or define Plaintiff's issues trial].

    1.  Determination of the hours per week Plaintiff performed work for Defendants from January 28, 2005 to October 2005.

    2.  Determination of joint employment by all defendants.

    3.  Determination of Plaintiff's applicable "regular rate" of pay as the term is defined in 29 U.S.C. § 207(e) and used to determine Plaintiff's overtime premium due pursuant to the terms of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

    4.  Determination of the amount of liquidated damages to which Plaintiff is entitled.

**K.  Setting of dates**

| | | |
|---|---|---|
| 1. | Joinder of all parties: | April 30, 2006 |
| 2. | Motions to amend: | April 30, 2006 |
| 3. | Discovery service cut-off: | July 31, 2006 |
| 4. | Discovery motions hearing date: | September 13, 2006 |
| 5. | Status/settlement conference: | June 9, 2006 |
| 6. | Status/settlement conference: | September 20, 2006 |
| 7. | Dispositive motion hearing date: | October 26, 2006 |
| 8. | Joint pretrial order: | November 6, 2006 |
| 9. | Final pretrial conference: | November 10, 2006 |
| 10. | Trial: | November 20, 2006 |

1    DATED this 9th day of December, 2005

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MARK B. HANSON
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, Mariana Islands 96950

Attorney for Plaintiff JIN CHUN HU