Reynaldo O. Yana
Attorney at Law
P.O. Box 500052
Saipan, MP 96950
Tel. (670)234-6529
Fax (670) 234-8969

FILED
Clerk
District Court

FEB 21 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIN CHUN HU, | ) CIVIL CASE NO. 05-0030 |
| Plaintiff, | ) |
| vs. | ) **NOTICE OF HEARING** |
| ISLAND SEVEN COLORS, INC., KIM CHANG RYEOL and DOE I, | ) |
| Defendants. | ) Judge: Munson |
| | ) Date: March 30, 2006 |
| | ) Time: 9:00 AM |

NOTICE IS HEREBY GIVEN THAT on March 30, 2006 at 9:00 AM in the US District Court at Horiguchi Building, Garapan, Saipan, MP, the defendants will move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure that the plaintiff's above-entitled case be dismissed on the ground that the court lacks of jurisdiction over the subject matter.

Dated this 20th day of February, 2006.

_____
REYNALDO O. YANA
Attorney for Defendants

Reynaldo O. Yana
Attorney at Law
P.O. Box 500052
Saipan, MP 96950
Tel. (670)234-6529
Fax (670) 234-8969

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIN CHUN HU, | ) CIVIL CASE NO. 05-0030 |
| Plaintiff, | ) |
| vs. | ) MOTION TO DISMISS; POINTS |
| | ) AND AUTHORITIES IN SUPPORT |
| | ) MOTION TO DISMISS; NOTICE OF |
| ISLAND SEVEN COLORS, INC., | ) HEARING; EXHIBITS A to C |
| KIM CHANG RYEOL and DOE I, | ) |
| | ) Judge: Munson |
| Defendants. | ) Date: March 30, 2006 |
| | ) Time: 9:00 AM |

### MOTION TO DISMISS

Come now the defendants, and by their counsel, hereby respectfully move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure that the plaintiff's above-entitled case be dismissed on the ground that the court lacks of jurisdiction over the subject matter.

In support of this motion, the defendants rely on their counsel's points and authorities and the affidavit and exhibits therein.

Dated this 20th day of February, 2006.

_____
REYNALDO O. YANA
Attorney for Defendants

Reynaldo O. Yana
Attorney at Law
P.O. Box 500052
Saipan, MP 96950
Tel. (670)234-6529
Fax (670) 234-8969

Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| JIN CHUN HU,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ISLAND SEVEN COLORS, INC.,<br>KIM CHANG RYEOL and DOE I,<br><br>　　　　Defendants. | CIVIL CASE NO. 05-0030<br><br>**POINTS AND AUTHORITIES<br>IN SUPPORT OF MOTION TO<br>DISMISS**<br><br>Judge: Munson<br>Date: March 30, 2006<br>Time: 9:00 AM |

I

### 29 U.S.C. §207 DOES NOT APPLY WITH RESPECT TO PLAINTIFF'S CLAIM FOR NON-PAYMENT OF OVERTIME WAGES, AND THEREFORE THE COURT HAS NO JURISDICTION OVER THIS CASE

A

### Motion To Dismiss

Rule 12(b) of the Federal Rules of Civil Procedure allows the assertion of a motion to dismiss a complaint for lack of jurisdiction over the subject matter. In this particular case, this motion is proper because the plaintiff relies on the overtime provision of the FLSA as his federal claim. He asserts that 29 U.S.C. §206, upon which he bases his federal claim, is made applicable by §502(a)(2) of the Covenant, as limited by Section 503(c), which states:

1

> <u>Section 503</u>. The following laws of the United States, presently inapplicable to the Trust Territory of the Pacific Islands, will not apply to the Northern Mariana Islands except in the manner and to the extent made applicable to them by the Congress or by law after termination of the Trusteeship Agreement;
> (a) ....
> (b) ...
> (c) the minimum wage provisions of Section 6, Act of June 25, 1938, 52 Stat. 1062, as amended.

In short, with respect to the plaintiff's claim of wages, only his claim based on the overtime provisions of Section 7 of FLSA is federal claim. If Section 7 of FLSA does not apply with respect to the plaintiff's claims of unpaid wages, it is proper for this court to dismiss such claims of unpaid wages for lack of subject matter jurisdiction.

**B**

**Section 7 of FLSA [29 U.S.C. §207] Does Not Apply To Plaintiff's Wage Claim Because The Plaintiff Was Not Engaged In Commerce or in the Production of Goods For Commerce, Nor Was He Employed In An Enterprise Engaged in Commerce or in the Production of Goods For Commerce**

COMMERCE

In order to come within 29 U.S.C. §207, the plaintiff must have been employed by Island Seven Colors, Inc. in any of the following: (a) commerce, (b) production of goods in commerce, and (c) enterprise engaged in commerce or in the production of goods for commerce.

29 U.S.C. §203(b) defines "Commerce" as meaning "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place thereof." Whether an employee is engaged in commerce is determined by the activities of the employee and not by those of the employer. See *Mitchell v. McGaughy & Associates,* 358 US 207, 3 L Ed2d 243, 79 S Ct 260 (1959). "The test is 'whether the work

2

is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.'" 358 US at 212, 3 L Ed2d at 247, 79 S Ct at __. And where the employee's duties are completely outside commerce, it was held that the employee did not engage in commerce. See *McLeod v. Threlkeld*, 319 US 491, 493, 87 L Ed 1539, 1541, 63 S Ct 1248, __ (1943).

In the instant case, the plaintiff was hired as a janitor. Although his contractual job description is to keep "premises of office building, apartment house or other commercial or institutional building in clearn and orderly condition" (and related duties)[see Employment Contract, Exhibit A], he only worked in the photo shop of Island Seven Color, Inc. during the short time he was employed by the latter. His primary function was to clean the photo shop, but we are willing to concede that occasionally he might have assisted in the developing of films into photo, such as cutting the photos into the desired sizes.

The plaintiff never worked or was ever involved in any trade or commerce with any one or entity located in any State, territory, or foreign countries. The plaintiff was never sent to the States or foreign country to do a job for the employer. He was never assigned to mail any photos outside the CNMI. He was never assigned to communicate with any customer outside the CNMI, nor did ever make any such business communications.

His job was restricted to cleaning the photo shop of Island Seven Color, Inc. in San Antonio.

In view of the above, it is clear that the plaintiff did not engage in commerce while being employed by Island Seven Colors, Inc.

## PRODUCTION OF GOODS FOR COMMERCE

If the plaintiff was not engaged in commerce, the next question is whether he was employed by Island Seven Colors, Inc. to engage in the production of goods for commerce and whether he did in fact engage in the production of goods for commerce.

3

29 U.S.C. §203(l) defines "Goods" to mean :

> ... goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, *but does not include goods after their delivery into the actual physical possession or the ultimate consumer thereof other than a producer, manufacturer or processor thereof.* (Emphasis supplied).

See *McLeod*, supra, where the Court said that employees who handle goods after acquisition by a local merchant for general local disposition are not engaged in the production of goods for commerce.

There is no doubt that, as part of his job as a janitor, the plaintiff may have assisted in the process of developing films, provided by customers. However, the photographs were given directly to customers after they were developed. None of the customers were producers, manufacturers, or processors of the photos developed by the plaintiff.

Therefore, it is clear that the plaintiff was not engaged in the production of goods for commerce.

## ENTERPRISE ENGAGED IN COMMERCE OR THE PRODUCTION OF GOODS IN COMMERCE

If the plaintiff was not engaged in commerce or production of goods in commerce, the last issue would be whether he was employed in an enterprise engaged in commerce or the production of goods for commerce.

29 U.S.C. §203(s)(1) defines "Enterprise engaged in commerce or in the production of goods for commerce" to mean

> an enterprise that ---
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employee handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for commerce by any person; **and**

4

      (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

(B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premise of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is a public or private or operated for profit or not for profit;

....

The defendant's business is a photo studio. Therefore, the definition of "enterprise" provided for in 29 U.S.C. §203(s)(1)(B), which refers to hospital and institutions for caring the sick, the aged, or the mentally ill or defective, does not apply in this case.

Nor does the definition of "enterprise" in 29 U.S.C. §203(s)(1)(A), apply either. To be within the ambit of this definition the defendant's business must have annual gross volume of sales made or business done in the amount of not less than $500,000.00.

In the instant case, Island Seven Colors, Inc. had a total gross income of $139,855.57 in 2004. Island Seven Colors, Inc. had a total gross income of $98,627.46 in 2005.

In view of the above, Island Seven Colors, Inc. is not an enterprise engaged in commerce or production of goods for commerce.

## NO PENDENT JURISDICTION

The plaintiff's remaining claims such as violation of CNMI minimum wage law and breach of contract are local claims. There being no substantial federal claim, the court has no jurisdiction over the pendent local claims. See *United Mine Workers v. Gibbs,* 383 US 715, 725, 16 L Ed2d 218, 228, 86 S Ct 1130 (1966).

## CONCLUSION

Therefore, the defendants pray that the court dismiss the plaintiff's case for lack of subject matter jurisdiction.

Dated this 20TH day of February, 2006.

_____
REYNALDO O. YANA
Attorney for Defendants

Reynaldo O. Yana
Attorney at Law
P.O. Box 500052
Saipan, MP 96950
Tel. (670)234-6529
Fax (670) 234-8969

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIN CHUN HU, | ) CIVIL CASE NO. 05-0030 |
| | ) |
| Plaintiff, | ) |
| | ) **AFFIDAVIT OF KIM, CHANG** |
| vs. | ) **RYEOL** |
| | ) |
| ISLAND SEVEN COLORS, INC., | ) |
| KIM CHANG RYEOL and DOE I, | ) |
| | ) |
| Defendants. | ) |

I, Kim, Chang Ryeol, being first duly sworn under oath, do hereby state:

1. That I am the president of Island Seven Colors, Inc. and have personal knowledge with respect to the affairs of Island Colors, Inc. as indicated below;

2. That Island Seven Colors, Inc. employed Jin Chun Hu for about seven months beginning January 28, 2005;

3. That based on the employment contract and based on the policy of the company and of CNMI law, Jin Chun Hu's work was limited to janitorial job to wit: keeping "premises of office building, apartment house or other commercial or institutional building in clean and orderly condition and related duties assigned";

4. That during the approximate period of seven months, Jin Chun Hu worked only in the photo shop owned by Island Seven Colors, Inc. in San Antonio, Saipan; he was not assigned to clean any apartment house or other commercial or institutional building;

1

5. That Jin Chun Hu was never assigned to transport or mail any photographs to any place outside the CNMI, nor did he, to my knowledge, ever transport or mail any photographs to any place outside the CNMI;

6. That Jin Chun Hu was never assigned to accept orders for photo developing from outside of Saipan, nor was there ever, to my knowledge, any person who ordered photo developing from outside the CNMI;

7. That Jin Chun Hu was never assigned to send any photographs, developed by Island Colors, Inc., to any place outside of the Northern Mariana Islands;

8. That Jin Chun Hu was never assigned to go outside of the CNMI to transact business for and in behalf of Island Seven Colors, Inc., nor did he ever, to my knowledge, do it;

9. That Jin Chun Hu was never assigned to communicate with anyone outside the Northern Mariana Islands to transact business for and in behalf of Island Seven Colors, Inc.;

10. That Island Seven Colors, Inc. never had any contract or agreement with any manufacturer or processor for the manufacturing or processing of any photographs or any other product, developed by Island Seven Colors, Inc., nor did Jin Chun Hu ever developed any photographs for any manufacturer or processor of developed photographs;

11. That Islands Seven Colors, Inc. had a gross income of $139,855.57 for 2004;

12. That Islands Seven Colors, Inc. had a gross income of 98,627.46 for 2005.

_____
KIM, CHANG RYEOL
Affiant

SUBSCRIBED AND SWORN TO before me on this 10th day of February, 2006.

_____
HYOUNG KEUN OH
A Notary Public
for the
Commonwealth of the Northern Mariana Islands
My Commission expires on the
4th day of December, 2006.
P.O. Box 503362
Saipan, MP 96950-3362

2