MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:  (670) 233-8600
Facsimile:   (670) 233-5262

Attorney for Plaintiff Jin Chun Hu

FILED
Clerk
District Court

MAR - 9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIN CHUN HU, | CASE NO. CV 05-00030 |
| Plaintiff, | |
| vs. | OPPOSITION TO MOTION TO DISMISS |
| ISLAND SEVEN COLORS, INC., KIM CHANG RYEOL and DOE 1, | |
| Defendants. | Date: Thursday, March 30, 2006<br>Time: 9:00 a.m.<br>Judge: Hon. Alex R. Munson, Chief Judge |

COMES NOW, Jin Chun Hu with the following opposition to Defendants' Motion to Dismiss Pursuant to 12(b)(6) for lack of subject-matter jurisdiction.

## INTRODUCTION

On October 4, 2005, Plaintiff filed his Verified Complaint for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental state law claims. On November 23, 2005, Defendants filed an answer to the Verified Complaint. Defendants filed the present motion to dismiss on February 21, 2006 claiming that the Court lacks federal subject matter jurisdiction.

Simply stated, Defendants argue that Plaintiff's employment with Defendants is not covered by the overtime provisions of the FLSA and, therefore, no federal subject matter jurisdiction exists in this case: Plaintiff's other claims are all based on state law and diversity jurisdiction has not been

ORIGINAL

pled). *See generally* Defendant's Motion and Memorandum. In support of their motion, Defendants submit an affidavit of defendant Kim Chang Ryeol and attach several exhibits to their 12(b)(6) motion.

Initially, Plaintiff objects to the exhibits attached to the motion. They have not been properly authenticated and they are, therefore, inadmissable as evidence in support of Defendants' motion.

Additionally, the only admissible evidence submitted in support of Defendants' motion, the affidavit of defendant Kim, does little to resolve questions as to the character of Defendants' business activities and the nature and extent of Plaintiff's activities while employed by Defendants in their photo shop in San Antonio, Saipan.

In short, Defendant's Motion and Memorandum, and the declaration submitted by Defendants, fails to negate any genuine issue of material fact, nor does Defendant's motion show that they are entitled to judgment as a matter of law. Genuine, triable issues of material fact exist, i.e., the nature of Plaintiff's employment with Defendant's and the character of Defendant's business, that would preclude summary judgment. Defendant's summary judgment motion must be denied.

## FACTS

Mr. Jin began his employment with Defendants in or about January 28, 2005 pursuant to an Employment Contract approved by the Commonwealth Department of Labor and Immigration. Verified Complaint, ¶¶ 13-17.

Plaintiff alleges, *inter alia*, that Defendants failed to pay him overtime wages required by § 207(a) of the FLSA. Verified Complaint, ¶ 30. Defendants have violated the provisions of § 207(a) of the FLSA by failing to pay Plaintiff overtime compensation in the amount of one and one-half times her regular pay rate for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week. Complaint, ¶¶ 41-44.

ARGUMENT

A. **Standard for Motions to Dismiss.**

For purposes of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, review is limited to the contents of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *See American Family Ass'n, Inc. v. City and County of San Francisco*, 277 F.3d 918 (9th Cir. 2002). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *See Van Buskirk*, 284 F.3d at 980.

> [T]he complaint, and other relief-claiming pleadings need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 (1990) (citations omitted).

If matters outside the pleadings are considered, the motion to dismiss is to be treated as one for summary judgment. *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

B. **Standard for Motions for Summary Judgment.**

Summary judgment pursuant to Fed. R. Civ. P. 56(c) is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 477 U.S. 317, 91 L. Ed. 2d 265 (1986). The burden of establishing the nonexistence of a genuine issue is on the party moving for summary judgment. *Id.* The court must not weigh the evidence or determine the truth of the

matter, but only determine whether there is a genuine issue for trial. *See Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999)(en banc). Where a material factual issue exists for trial, summary judgment is not appropriate and should be denied. *See Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1221 (9th Cir. 1999).

C.   **Plaintiff's Verified Complaint is well pled.**

Whether or not Defendants' motion to dismiss is or should be converted to a motion for summary judgment because of the inclusion of declarations by the parties (*see San Pedro Hotel, Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998), Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must fail.

There is nothing from the face of Plaintiff's Verified Complaint that suggested subject matter is lacking here. To the contrary, Plaintiff expressly alleges in his complaint that he was engaged in commerce as an employee of Defendants. *See* Verified Complaint at ¶ 26.

In short, Plaintiff's Complaint meets the notice pleading requirements of Fed. R. Civ. P. 8(a) and is not subject to dismissal for failure to state a claim upon which relief can be granted. Plaintiff's Complaint is not deficient. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must be denied.

D.   **Summary Judgment for Defendants is not warranted or at the very least premature.**

Defendant has failed to meet his burden of showing that no genuine issue of material facts exists and that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

The only evidence presented by Defendants regarding Plaintiff's actual work performed while employed by Defendant was Defendant Kim's statements in his affidavit that: (1) "Jin Chun Hu's work was limited to janitorial job to wit: keeping 'premises of office building, apartment house or other commercial or institutional building in clean and orderly condition and related duties assigned,'" followed by (2) "Jin Chun Hu worked only in the photo shop owned by [defendant] Island Seven Colors, Inc. in San Antonio." Kim Aff. at ¶¶ 3-4. The remaining statements in Kim's affidavit

are negative statements — what work Plaintiff did *not*, allegedly, perform while employed by Defendants. Plaintiff would note that there are several factual allegations contained in Defendants' Memorandum unsupported by Kim's affidavit – the only facts in evidence.

For purposes of this motion, Plaintiff will concede as he must, that the un-refuted affidavit of Kim on the issue of gross revenues eliminates, at this stage, the "enterprise" basis of subject matter jurisdiction. However, Defendants have fallen far short of their obligation to show that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law.

Defendants properly state that under individual or "traditional" coverage under the FLSA, an individual is covered by the Act if he has either "engaged in commerce" or "engaged in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Defendants also properly acknowledge that it is the activities of the employee and not those of the employer that are determinative.[1] However, the Court cannot properly evaluate the activities of the employee without understanding the nature and character of an employer's business and the employee's role therein. Although there are a few cases where the individual activities of the employee were deemed to be too remote from interstate or foreign commerce,[2] the FLSA is intended to be remedial and broadly interpreted. *See*,

---

[1] *See, e.g., Walling v. Jacksonville Paper, Inc.*, 317 U.S. 564, 571, 63 S.Ct. 332, 337 (1943) ("The applicability of the Act is dependent on the character of the employees' work." (quoting *Kirschbaum Co. v. Walling, supra*, 316 U.S. 522, 524, 62 S.Ct. 1119, 1120 (1942))).

   It was said in *Swift & Co. v. United States*, 196 U.S. 375, 398, 25 S.Ct. 276, 280, 49 L.Ed. 518, that 'commerce among the states is not a technical legal conception, but a practical one, drawn from the course of business.' While that observation was made apropos of the constitutional scope of the commerce power, it is equally apt as a starting point for inquiry whether a particular business is 'in commerce' within the meaning of this Act.

*Walling v. Jacksonville Paper, Inc.*, 317 U.S. 564, 570, 63 S.Ct. 332, 336 (1943).

[2] *See, e.g., Parks v. Puckett*, 154 F. Supp. 842, 848-49 (W.D. Ark.1957)) (holding that plaintiff who signed nineteen receipts for interstate goods within a two year period and occasionally handled empty barrels, some of which were subsequently shipped in interstate commerce, did not engage in commerce). *But see Wirtz v. Durham Sandwich Company*, 367 F.2d 810, 812 (4th Cir. 1966) (employee that received between eleven and twenty-three shipments from across state lines each month met the FLSA standard, despite spending only one-half hour per week on such tasks).

*e.g.*, *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000) (holding that the FLSA "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction") (quotation and citation omitted).

Here, although they concede in their Memorandum that Plaintiff's activities were, indeed, *not* limited to custodial work (*see infra*), Defendants fail to address the regulations specifically discussing such work activity that is "where goods regularly are produced for commerce" among other considerations of whether the activities of an employee are in commerce or the production of goods for commerce.

> Custodial and maintenance employees who perform maintenance and custodial work on the machinery, equipment, or premises where goods regularly are produced for commerce or from which goods are regularly shipped in interstate commerce are engaged in covered activities.

29 C.F.R. § 779.116.

This particular regulation, among several others, highlights the need to examine the nature and character of the employer's business to determine whether the activities of the employee are "commerce" or the "production of goods for commerce" within the coverage of the overtime provisions of the FLSA. Here, Defendants have provided little insight into the day-to-day activities of Plaintiff, and absolutely no insight into the nature of Defendants' "photo shop" business in San Antonio, Saipan. They certainly have not eliminated all genuine issues of triable fact.

Additionally, Defendants' Memorandum itself highlights that facts exist that contradict the statements made by Kim in his affidavit. For example, Defendants argue in their Memorandum that: "[Plaintiff's] primary function was to clean the photo shop, but we are willing to concede that occasionally he might have assisted in the developing of films into photo, such as cutting the photos into the desired sizes." Defendants' Memorandum at 3, lines 10-12. And, more tellingly: "There is no doubt that, as part of his job as a janitor, the plaintiff may have assisted in the process of developing films, provided by customers." *Id.* at 4, lines 10-11.

There is, simply, a void of facts upon which the Court could base a determination that the

duties performed by Plaintiff while employed with Defendants was not "commerce or the production of goods for commerce." It is extremely likely that Plaintiff's duties included assisting tourists with film development, assisting aliens with photos for employment in the Commonwealth, assisting aliens with photo development which photos were taken or sent to locations outside the Commonwealth, assisting residents with development of film from vacations, tours, trips, and business outside the Commonwealth, or any number of related activities, all activities of which are engaging in interstate and foreign commerce, and the production of goods for interstate and foreign commerce. *See, e.g., Watkins v. Ameripride Services*, 375 F.3d 821, 825 (9th Cir. 2004) ("We have held that even intrastate deliveries can be considered part of interstate commerce if the property in question was originally delivered from out-of-state and the intrastate route is merely part of the final phase of delivery.").

For purposes of this present motion for summary judgment, the evidence presented by Defendants falls far short of the evidence they must show to negate any issue of material fact regarding the nature of Plaintiff's employment to enable the court to determine whether Plaintiff was engaged in commerce of the production of goods for commerce. Summary judgment must be denied.

E.   **Additional Discovery Should Be Allowed Pursuant to Fed. R. Civ. P. 56(f).**

Should the Court find that Defendants have met their burden in the present motion and shown that there are no genuine issues of material fact, Plaintiff respectfully requests the opportunity to perform discovery allowed by Fed. R. Civ. P. 56(f). In so far as no discovery has taken place in this case to date, Plaintiff is entitled to perform discovery to identify additional evidence that would negate the allegations of Defendants in their present motion for summary judgment.

The Supreme Court in *Celotex* stated:

> Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full

discovery.

*Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2554, 477 U.S. 317, 326, 91 L. Ed. 2d 265 (1986).

Accordingly, here the Court should deny Defendants' summary judgment motion as premature, or at the very least provide Plaintiff with an opportunity to perform discovery regarding the facts at issue in Defendants' present motion.

## CONCLUSION

Defendants have moved to dismiss Plaintiff's FLSA complaint based on their contention that Plaintiff was not engaged in commerce or in the production of goods for commerce during his employment with Defendants – a mixed question of fact and law. Defendants' own arguments and admissions, however, do not bear that out. Defendants have failed to carry their burden to show that subject matter jurisdiction is lacking here. Because Defendants fail to show that the overtime provisions of the FLSA do not apply here, Plaintiff must be allowed to proceed with his FLSA claims. Defendant's motion to dismiss must be denied.

DATED this 9th day of March, 2006.

MARK B. HANSON
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, Mariana Islands 96950

Attorney for Plaintiff JIN CHUN HU