Reynaldo O. Yana
Attorney at Law
P.O. Box 500052
Saipan, MP 96950
Tel. (670)234-6529
Fax (670) 234-8969

F I L E D
Clerk
District Court

MAR 1 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JIN CHUN HU,                                  ) CIVIL CASE NO. 05-0030
                                              )
            Plaintiff,                        )
                                              )
       vs.                                    ) **REPLY TO PLAINTIFF'S**
                                              ) **OPPOSITION TO MOTION TO**
                                              ) **DISMISS**
ISLAND SEVEN COLORS, INC.,                    )
KIM CHANG RYEOL and DOE I,                    )
                                              ) Judge: Munson
            Defendants.                       ) Date: March 30, 2006
                                              ) Time: 9:00 AM

I

**PLAINTIFF CAN PROVE NO SET OF FACTS
IN SUPPORT OF CLAIM THAT WOULD
ENTITLE HIM TO RELIEF UNDER 29 U.S.C. §207**

The plaintiff argues that the motion of the defendants should be treated as one for summary judgment, and he should be given the opportunity to conduct discovery citing *Celotex Corp. v. Catrett*, 106 S Ct 2548, 477 US 317, 91 L. Ed. 2d 265 (1986), which states:

> Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued if the moving party has not had an opportunity to make full discovery.

1

106 S Ct at 2554, 477 US at 326, 911 L Ed2d at 276. But the plaintiff fails to mention that Rule 56(f) requires him to state in his affidavit the reasons why he cannot present essential facts to justify his opposition to the defendants' motion. The plaintiff has not done so. He cannot now expect that the court will deny the defendants' motion to dismiss to give him the opportunity to make discovery.

It is also surprising that the plaintiff would even commence an action of this kind without any knowledge of facts that would entitle him to seek relief under 29 U.S.C. §207. Such knowledge would have been easy to state since he was aware as to the kind of work he was doing for the defendants. Indeed, the plaintiff admits that "it is the activities of the employee and not those of the employer that are determinative" in determining whether he was employed in commerce, in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce. Page 5 of Plaintiff's Opposition.

Assuming that the court will convert this motion to a motion for summary judgment, the affidavit of Kim, Chang Ryeol clearly shows that the plaintiff did not perform any kind of work that could be construed as engaging in commerce or in the production of commerce.[1]

The plaintiff cites *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) for the proposition that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Based on his opposition, the plaintiff has shown that he can prove no set of facts in support of his federal claim under 29 U.S.C.§207. First, he failed to plead a set of facts that would sustain his conclusory statement that he was employed in commerce or in the production of goods for commerce. Second, he failed to show by counter-affidavit that

---

[1] The plaintiff has conceded that the plaintiff did not work in an enterprise that engaged in commerce or in the production of goods for commerce. Our argument will just focus on the question of whether the plaintiff was employed in commerce or in the production of goods for commerce.

2

there is a set of facts from which he can infer that he was engaged in commerce or in the production of goods for commerce.

However, since *Van Buskirk* speaks of probability or even possibility of whether the plaintiff can prove any set of facts that will entitle him to federal relief, let us analyze the plaintiff's theory stated on page 7 of his Opposition. He states as follows:

> ... It is extremely likely that Plaintiff's duties included assisting tourists with film development, assisting aliens with photos for employment in the Commonwealth, assisting aliens with photo development which photos were taken or sent to locations outside the Commonwealth, assisting residents with development of film from vacations, tours, trips, and business outside the Commonwealth, or any number of related activities, all of which are engaging in interstate and foreign commerce, and the production of goods for interstate and foreign commerce.

The plaintiff has failed to create a genuine issue of material fact by failing to file an affidavit in opposition to Defendant Ryeol's affidavit. So, Mr. Kim's statement that "Island Seven Colors, Inc. never had any contract or agreement with any manufacturer or processor of the manufacturing of any photographs or any other product, developed by Island Seven Colors, Inc, nor did Jin Chun Hu ever developed any photographs for any manufacturer or processor of developed photographs" must stand as an undisputed fact. The possibility that is open to the plaintiff's theory is that he assisted by cleaning the film developing machine and cutting the photographs. We should therefore consider the possibility (a) that tourists may have come to Island Seven Colors, Inc. to have their film developed, (b) alien workers may have also come to the defendants' shop to have their film developed for employment in the Commonwealth or even to have their photos taken for employment purposes, (c) aliens who had their film developed may have sent their photographs to locations outside the Commonwealth, and (d) residents might have come from a business trip or vacation trip and took pictures there and then had their films developed in the defendants' shop.

Assuming without admitting that the plaintiff can prove this theory with evidence and assuming further that the plaintiff did assist in the film development by cutting the photos or cleaning the film developing machine, the question is: does any of these possible scenarios implicate the plaintiff in the doing of an act in commerce or in the production of goods for commerce?

The plaintiff cites *Wirtz v. Durham Sandwich Company,* 367 F2d 810, 812 (4th Cir. 1966) where employee that received between eleven and twenty-three shipments from across state lines each month met the FLSA standard, despite spending only one-half hour per week on such tasks. This case and all other cases like it do not support any of the plaintiff's proposed facts. The shipments from across state lines were goods that were produced for commerce. A tourist is not goods produced for commerce nor is he/she by definition of his/her status engaged in commerce. The film that a tourist or a Commonwealth resident uses for his/her camera is not goods for commerce. See 29 U.S.C. §203(l) which excludes goods "after their delivery into the actual possession of the ultimate consumer thereof other than a producer, manufacturer or processor thereof." The tourist, who buys a film for purposes of taking pictures of the scenery which he has visited, is an ultimate consumer.

Thus, when a tourist buys a film, the film he buys is no longer goods for purposes of determining whether his activity constitutes engagement in the production of goods for commerce.

Since a tourist is not engaged in the production of goods for commerce, the development of his film into photographs is not a consequence of his activity in the production of goods for commerce or engaging in commerce. Unlike in *Wirtz*, where the employee received goods produced in commerce, the defendants' shop received goods that were not deemed as goods produced in commerce, because they had already been delivered to the

ultimate consumer - the tourist. Thus, it makes no difference whether or not the plaintiff helped in receiving the film to be developed for the tourist.

Now, with respect to the film that is developed by the defendants' shop with some assistance by the plaintiff, is the development of the film into photographs goods for interstate or foreign commerce? Assuming again, that the plaintiff can prove that once the film is developed, the customer then sends his photograph to his relatives and friends in his home country or home state. Again, the definition of goods does not include goods after their delivery to the ultimate consumer. Since Mr. Kim's affidavit specifically shows that the shop never had any contract or agreement with any producer, manufacturer or processor for the reproduction of the photographs it develops in the CNMI, the ultimate consumer that can be allowed in the plaintiff's theory has to be somebody who is not a producer, manufacturer or processor of the photographs produced by the defendants' shop. Therefore, whatever the ultimate consumer does with his photograph after it is delivered to him is no longer goods produced for commerce.

The plaintiff also cites 29 C.F.R. §779.116 which states:

> Custodial and maintenance employees who perform maintenance and custodial work on the machinery, equipment, or premises where *goods regularly are produced for commerce* or from which *goods* are regularly shipped in interstate commerce are engaged in covered activities.

Because what the defendants' shop developed for the ultimate consumer are not goods produced for commerce, 29 C.F.R. §779.116 does not apply in this case, even if we assume that the plaintiff helped clean the film developing machine of the defendants' shop.

In conclusion, it is clear that the plaintiff can prove no set of facts that he was employed in commerce or in the production of goods for commerce.

II

## LACK OF FEDERAL QUESTION JURISDICTION

## REQUIRES THE DISMISSAL OF THE PLAINTIFF'S COMPLAINT

This motion to dismiss, or if the court so prefers, a summary judgment to dismiss, is based on the court's lack of federal question jurisdiction by reason of the fact that 29 U.S.C. §207 does not apply, and therefore the plaintiff has no federal claim upon which relief can be granted. The courts have in many cases dismissed a complaint filed with a federal court for lack of federal question jurisdiction. See *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 US 804, 92 L Ed 2d 650, 106 S Ct 3229 (1986), (ruling that the district court had no federal question jurisdiction over the claim of the plaintiff); *Gully v. First Nat. Bank in Meridian*, 299 US 109, 57 S Ct 96 (1936).

As argued above, 29 U.S.C. §207 does not apply in the instant case, because the plaintiff was not employed in commerce, or in the production of goods for commerce, or in an interprise engaged in commerce or production of goods for commerce. Thus, the plaintiff's complaint does not state a federal claim upon which relief can be granted.

This court should dismiss the plaintiff's complaint for lack of jurisdiction over the subject matter.

Dated this 16th day of March, 2006.

_____
REYNALDO O. YANA
Attorney for the Defendants