FILED
Clerk
District Court

MAR 30 2006

for The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JIN CHUN HU,<br><br>Plaintiff,<br><br>vs.<br><br>ISLAND SEVEN COLORS, INC., KIM CHANG RYEOL, and DOE I,<br><br>Defendant. | Case No. CV-05-0030<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

**THIS MATTER** came before the court on March 30, 2006, for hearing of defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff appeared personally and by and through his attorney, Mark B. Hanson; defendants appeared personally and by and through their attorney, Reynaldo O. Yana.

**THE COURT**, having fully considered the arguments of the parties, grants defendant's motion to dismiss with leave to amend.

### I. BACKGROUND

On October 4, 2005, plaintiff filed a complaint against defendants for:

(1) unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA") of 1938, 29 U.S.C. § 207 (2000), and the Commonwealth of the Northern Mariana Islands ("Commonwealth") Minimum Wage and Hour Act, 4 CMC § 9222 (2004);

(2) unpaid regular wages in violation of Commonwealth Minimum Wage and Hour Act, 4 CMC § 9221 (2004);

(3) breach of employment contract; and

(4) illegal charges and deductions in violation of the Nonresident Workers Act, 3 CMC §

4434(c) (2004).

In the complaint, plaintiff asserted that the court has federal question, 28 U.S.C. § 1331, and commerce and antitrust, 28 U.S.C. § 1337, jurisdiction over his FLSA claim and supplemental jurisdiction, 28 U.S.C. § 1367, over his Commonwealth claims.

## II. ANALYSIS

Defendant claims that the court must dismiss this case because section seven of the FLSA does not apply in the Commonwealth, or in the alternative, because the FLSA does not apply to the facts of this case.[1]

Under Federal Rule of Civil Procedure 12(b)(6), "[a] complaint should not be dismissed . . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id*. In reviewing the sufficiency of the complaint, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

First, defendant claims that under section 503(c) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant"), 48 U.S.C. §1801, the court does not have jurisdiction over § 7 of the FLSA. Defendant is correct that the Covenant is the court's sole source of subject matter jurisdiction. *United States ex rel. Richards v. Leon Guerrero*, 4 F.3d 749, 754 (9th Cir. 1993) ( "[I]t is solely by the Covenant that we measure the limits of Congress' legislative power [in the CNMI]."). Defendant's contention that section 503(c) of the Covenant excludes the application of the overtime

---

[1] The court exercises its discretion and will not treat this motion to dismiss as a motion for summary judgment despite the documents and affidavits filed in support of the motion.

compensation section of the FLSA, however, is incorrect. While section 503(c) specifically excludes the application of "the minimum wage provisions of Section 6, Act of June 25, 1938, 52 Stat. 1062, as amended[,]" it does not extend to any other section of the FLSA. Accordingly, because the FLSA was in existence before 1978 and because it applies to Guam and the several States, the court has jurisdiction over plaintiff's FLSA claim under § 502(a)(2) of the Covenant.

Second, defendant claims that the FLSA does not apply because plaintiff was not engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of commerce. Plaintiff concedes that he was not employed in an enterprise engaged in commerce or in the production of commerce. Opposition to Motion to Dismiss 5-6, No. 13 (Mar. 16, 2006). Furthermore, plaintiff did not allege that he was engaged in the production of goods for commerce. *See* Verified Complaint for Violations of the Fair Labor Standards Act and Supplemental State Law Claims ¶¶ 24-27, at 3-4, No. 1 (Oct. 4, 2005). Accordingly, plaintiff's only basis for establishing the commerce element is his allegation that plaintiff, as defendant's employee, was engaged in commerce.

The court finds that plaintiff can prove no set of facts that, as defendant's employee, he was engaged in commerce. "Employees are 'engaged in commerce' within the meaning of the Act when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103; *see* 29 U.S.C. § 203(b) ("'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."). Plaintiff only claims that his duties as defendant's employee included custodial work and the development of film, which does not include the movement of things.[2]

---

[2] Defendant conceded that plaintiff's duty at defendant's business included custodial work and the development of film. Points and Authorities in Support of Motion to Dismiss, No. 12 (Feb. 21, 2006). These facts, however, were not alleged in the complaint.

3

**ACCORDINGLY, THE COURT GRANTS** defendant's motion to dismiss with leave to amend the complaint to include an allegation that plaintiff was engaged in the production of goods for commerce and any factual basis to support that allegation.

**IT IS SO ORDERED.**

**DATED** this 30th day of March, 2006.

                                                                            /s/ Alex R. Munson
                                                                            ALEX R. MUNSON
                                                                            Judge